UNITED STATES DISTRICT COURT
FOR THE
MIDDLE DISTRICT OF PENNSYLVANIA

JAY A. WIVELL, :
:
      Plaintiff :
:
   v. : CIVIL NO. 4:CV-07-1194
:
PENNSYLVANIA STATE POLICE, : (Judge McClure)
ET AL., :
:
      Defendants :

**MEMORANDUM**

October 16, 2007

**Background**

Jay A. Wivell ("Plaintiff"), an inmate presently confined at the Adams County Correctional Facility, Gettysburg, Pennsylvania, filed this *pro se* civil rights action pursuant to 42 U.S.C. § 1983. His complaint is accompanied by an *in forma pauperis* application. For the reasons set forth below, Wivell's action will be dismissed, without prejudice, as legally frivolous under 28 U.S.C. § 1915.

Named as Defendants are the Pennsylvania State Police, and two of its employees, Troopers Ivan Taylor and Curtis Whitmoyer. Plaintiff indicates that on January 18, 2007, he walked out of a work release program without permission.

As a result, the Pennsylvania State police filed escape charges against him. Wivell alleges that the Defendants went to his place of residence, the Emmitsburg, Maryland area, where they subjected members of his family and friends to threats, harassment, and illegal conduct. Moreover, it is asserted that the Defendants exceeded the scope of their authority and jurisdiction by initiating an illegal traffic stop while searching for the Plaintiff in Maryland. Wivell claims that his mother died shortly after he was "illegally trapped" and arrested by the Defendants in Maryland. Record document no. 1, ¶ IV(3). Plaintiff concludes that he seeks monetary relief for the wrongful death and abuse of his mother and everyone else in the State of Maryland that was subjected to harassment.

**Discussion**

28 U.S.C. § 1915 imposes obligations on prisoners who file civil actions in federal court and wish to proceed *in forma pauperis*. § 1915(e)(2) provides:

> (2) Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that (A) the allegation of poverty is untrue; or (B) the action or appeal (i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief.

Consequently, federal courts reviewing civil rights complaints filed by persons wishing to proceed *in forma pauperis* may determine that process should

not be issued if the complaint is malicious, presents an indisputably meritless legal theory, or is predicated on clearly baseless factual contentions. Neitzke v. Williams, 490 U.S. 319, 327-28 (1989); Wilson v. Rackmill, 878 F.2d 772, 774 (3d Cir. 1989).[1]  In Deutsch v. United States, 67 F.3d 1080, 1083 (3d Cir. 1995), the Third Circuit added that "the plain meaning of 'frivolous' authorizes the dismissal of *in forma pauperis* claims that . . . are of little or no weight, value, or importance, not worthy of serious consideration, or trivial."  "The frivolousness determination is a discretionary one," and trial courts "are in the best position" to determine when an indigent litigant's complaint is appropriate for summary dismissal. Denton v. Hernandez, 504 U.S. 25, 33 (1992).

It is initially noted that a plaintiff in order to state a viable § 1983 claim, must plead two essential elements:  1) that the conduct complained of was committed by a person acting under color of state law, and 2) that said conduct deprived the plaintiff of a right, privilege, or immunity secured by the Constitution or laws of the United States. West v. Atkins, 487 U.S. 42, 48 (1988); Groman v.

---

[1] Indisputably meritless legal theories are those "in which it is either readily apparent that the plaintiff's complaint lacks an arguable basis in law or that the defendants are clearly entitled to immunity from suit." Roman v. Jeffes, 904 F.2d 192, 194 (3d Cir. 1990) (quoting Sultenfuss v. Snow, 894 F.2d 1277, 1278 (11th Cir. 1990)).

Township of Manalapan, 47 F.3d 628, 638 (3d Cir. 1995).

The United States Supreme Court has ruled that a § 1983 action brought against a "State and its Board of Corrections is barred by the Eleventh Amendment unless [the State] has consented to the filing of such a suit." Alabama v. Pugh, 438 U.S. 781, 782 (1978). The United States Court of Appeals for the Third Circuit similarly concluded that the Pennsylvania Board of Probation and Parole could not be sued because "it is not a 'person' within the meaning of Section 1983." Thompson v. Burke, 556 F.2d 231, 232 (3d Cir. 1977).

In Will v. Michigan Dep't of State Police, 491 U.S. 58 (1989), the Supreme Court reiterated its position that state agencies such as the state police are not "persons" subject to liability in § 1983 actions brought in federal court. The Court noted that a § 1983 suit against a state official's office was "no different from a suit against the State itself." Id. at 71. "Will establishes that the State and arms of the State, which have traditionally enjoyed Eleventh Amendment immunity, are not subject to suit under § 1983 in either federal or state court." Howlett v. Rose, 496 U.S. 356, 365 (1990).

After Will, our Court of Appeals held that in determining whether a state agency is entitled to Eleventh Amendment immunity, a federal court should

consider: whether the state would be responsible for the payment of any judgment rendered against the agency; the source of the agency's funding; and the degree of autonomy enjoyed by the agency, as well as other similar factors. Bolden v. Southeastern Pennsylvania Transp. Auth., 953 F.2d 807, 818 (3d Cir. 1991).

In the instant case, payment of any judgment rendered against the Pennsylvania State Police would have to be paid out of the Pennsylvania state treasury.  Furthermore, that Defendant receives all of its funding from the state and does not enjoy any measure of autonomy.  Therefore, it is clear under Will and Bolden that the Pennsylvania State Police is not a "person" for the purpose of § 1983 and, therefore, not a properly named defendant.

Second, in Heck v. Humphrey, 512 U.S. 477 (1994), the United States Supreme Court ruled that a constitutional cause of action for damages does not accrue "for allegedly unconstitutional conviction or imprisonment, or for other harm caused by actions whose unlawfulness would render a conviction or sentence invalid," until the Plaintiff proves that the "conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus." Id. at 486-87.  Based on the allegations raised by Wivell, especially his contention that he was subjected

to an illegal arrest, a finding in his favor would imply the invalidity of his ongoing confinement. See Gibson v. Superintendent, 411 F.3d 427, 449 (3d Cir. 2005); Sanchez v. Gonzalez, No. 05-2552, 2005 WL 2007008 *2 (D.N.J. Aug. 16, 2005).

Finally, there is no indication that Plaintiff has legal standing to act as the personal representative for his late mother or any other persons who were purportedly subjected to harassment in the State of Maryland. It is further noted that Wivell is a *pro se* litigant who indicates that he suffers from mental health problems. Based upon those factors it is apparent that he lacks standing to represent the legal interests of either his deceased mother or any other family members or friends.

Since Plaintiff's complaint is "based on an indisputably meritless legal theory" it will be dismissed, without prejudice, as legally frivolous. Wilson, 878 F.2d at 774. An appropriate Order will enter.

   s/ James F. McClure, Jr.
James F. McClure, Jr.
United States District Judge

UNITED STATES DISTRICT COURT
FOR THE
MIDDLE DISTRICT OF PENNSYLVANIA

JAY A. WIVELL,                         :
                                       :
      Plaintiff                  :
                                       :
  v.                                   :
                                       :
PENNSYLVANIA STATE POLICE,             :     CIVIL NO. 4:CV-07-1194
ET AL.,                                :     (Judge McClure)
                                       :
      Defendants                 :

## **ORDER**

October 16, 2007

In accordance with the accompanying Memorandum**, IT IS HEREBY ORDERED THAT:**

    1.    Plaintiff's complaint is dismissed without prejudice as frivolous pursuant to 28 U.S.C. § 1915 (e)(2)(B)(I).

    2.    The Clerk of Court is directed to close the case.[2]

---

    [2] The dismissal of this action does not relieve Plaintiff of the obligation to pay the full filing fee. Until the filing fee is paid in full, the Administrative Order issued is binding on the Warden of the Adams County Prison, as well as the superintendent of any correctional facility to which Plaintiff is transferred.

3.  Any appeal from this Order will be deemed frivolous, without probable cause and not taken in good faith.

       s/ James F. McClure, Jr.  
James F. McClure, Jr.  
United States District Judge